on behalf of petitioners, Your Honors, good morning. Your Honors, the essence of this case is the absence of facts. The BIA adopts and affirms with comment the decision of the immigration judge. However, neither decision applies the correct legal standard. This court does have jurisdiction to review whether or not that correct legal standard was used. In rendering his determination regarding whether or not the petitioner had been convicted of a particularly serious crime, the immigration judge failed to correctly apply NRAYL. NRAYL lists six different factors which allow the court to look beyond the crime and see whether extraordinary circumstances would warrant it to not be a particularly serious crime. The immigration judge did not apply the correct legal standard when he failed to apply those six factors. Additionally, with regards to the 212C waiver, the immigration judge and later the Board of Immigration Appeals in adopting and affirming that decision also did not apply the correct legal standard. The correct legal standard in determining whether or not the petitioner was eligible for a 212C waiver is articulated in matter of Marin. The immigration judge and the Board of Immigration Appeals in adopting and affirming that decision chose instead to rely upon the fact that the petitioner had previously received a 212C waiver. The oral decision of the immigration judge, which was adopted and affirmed by the Board of Immigration Appeals, is seven pages. Almost three and a half of those pages are devoted to a discussion of the transcript in the prior hearing where the petitioner was granted a 212C waiver. Kennedy, can we review that particularly serious finding in a 212 relief application? Can we review the district judge's decision? I mean, the I.J.'s decision? Your Honor, you can through the fact that the Board of Immigration Appeals chooses to adopt and affirm it, thus incorporating it in their decision. Additionally, Your Honor, the Board of Immigration Appeals, in analyzing the decision of the immigration judge, although they adopt and affirm it, they also throw in their own improper fact-finding saying that the petitioner would have a negative impact on the community. The immigration judge mentions that nowhere in his decision. Your Honor, this case needs to be remanded for further fact-finding and proper legal analysis of the facts in the record. Returning to the 212C waiver application, although the immigration judge devoted substantial time to the prior analysis conducted by his predecessor in granting the first 212C waiver, there was no analysis of all of the matter of Marin factors that must be taken into account in Wade. What do you make of or what should we on review make of the fact that at pages 53 and 54, the immigration judge cites matter of Marin and in an introductory paragraph says, I have to consider all of the factors, including, and then lists many, many factors, and then goes on, as you say, not to necessarily go back to those, but don't we have to take the I.J. at face value that those were all considered and that the standard was applied? Your Honor, the correct or the way to assess the I.J.'s decision is to look at how he conducts his analysis. Although he does mention matter of Marin, he doesn't go through the entire analysis of the factors. Matter of Marin says nothing about whether or not an individual was previously granted a 212C waiver. However, the immigration judge chooses to devote a substantial amount of time in his decision. Sotomayor, does it preclude that as a consideration? Your Honor, it does not necessarily preclude it. However, it does not specify it. Matter of Marin lists almost eight factors that you can use as positive equities. The immigration judge doesn't go through any of those. Well, that's why I was citing to that page where the I.J. does list them, says these are some of the things that I'm supposed to consider. So it seems like it was in the I.J.'s conscious thought process. It may have been. He lists them, but then he fails to consider them later on in his decision, Your Honor. So I would argue that although he does briefly mention the case, he doesn't conduct the proper analysis in rendering his oral decision. Additionally, we have a similar issue going on with the particularly serious crime analysis. The immigration judge does not go beyond the drug trafficking offense to look at the extraordinary circumstances which surround it. He simply dismisses it and says this is a particularly serious crime. He doesn't conduct his analysis under N. Ray Y.L. as to whether or not there would be extraordinary factors that would mitigate and be taken into account in making that determination. Additionally, Your Honors, the immigration judge fails to properly consider whether or not the petitioner was eligible for deferral of removal under the Convention Against Torture. He simply states that it's unlikely he would be tortured if he's returned to Mexico. He conducts no analysis of the evidence presented by the petitioner. The petitioner's detailed declaration, there's a little under 100 pages worth of evidence the petitioner submitted in support of his application for deferral of removal under the Convention. Kennedy. Was that all just general evidence? Was any of it specific to him? The two-page declaration was specific to him, Your Honor, in addition to the fact that the evidence presented, although general in nature with regards to background documentation, did establish the likelihood of torture upon return to Mexico. The I.J. and his — I apologize, Your Honors — the immigration judge in his decision conducted no analysis of that documentation, conducted no analysis of that declaration, didn't even properly consider it as he should have in support of respondent's application for deferral of removal. Finally, Your Honors, the immigration judge also applied the incorrect legal standard and violated the petitioner's due process rights in compelling him to go forward with almost two hours worth of testimony while he was in severe pain and had surgery the day before on the finger on his right hand. Requiring an individual to present their case and present testimony under those conditions is clearly a violation of due process rights. In fact, at the later hearing, September 4, 2003, when questioned, the petitioner did express that he felt that he was unable to convey his testimony and tell his the effects of the anesthesia from the surgery on the previous day. At the beginning of the August 12 hearing, petitioner's counsel moved for a continuance, which was denied by the immigration judge. That continuance should have been granted in light of the fact that the petitioner was standing in the courtroom with an injured finger, having had surgery the day before. Was the continuation issue ever raised before the board? It was, Your Honor, on a motion to reconsider. Having raised it on a motion to reconsider, it was raised before the board, and therefore, the petitioner did indeed exhaust his administrative remedies. Therefore, that issue is properly before this Court today. In addition, Your Honors, a further weighing factor in considering whether or not the exhaustion of the administrative remedies applies has to be the fact that the right to due process is such an important and fundamental right in proceedings that the fact that he raised it at all at the administrative level and the fact that he did properly raise it in a timely motion to reconsider should weigh heavily in this Court's decision whether or not to consider whether his due process rights were violated. Your Honors, I would like to reserve the remainder of my time. Certainly, you may do that. Good morning, Your Honors. I'm Erica Miles for the respondent, U.S. Attorney General Holder. The government should dismiss this petition for review for lack of jurisdiction because petitioner was correctly found without previous dispute that he is removable as an aggravated felon for his drug trafficking crime. And as the government has thoroughly briefed, he has not raised a colorable legal issue or constitutional claim. All of the purported legal questions involving whether the immigration judge has particularly serious crime determination and also regarding the due process claim and denial of a continuance in this issue, they are all premised on very apparent mischaracterizations in the record. And just a simple review of the record itself reveals that the correct legal standards were applied and the immigration judge and the board both went through all of the relevant factors. And as for the continuance, a continuance was granted as soon as one was requested in the case. So this really does come down to, in counsel's own words, fact-finding, and it comes down to her request to remand for additional fact-finding because she believes that the facts were not properly assessed. That is not a legal issue. That is a factual and discretionary issue that this Court doesn't have jurisdiction over because of the criminal bar premised on the aggravated felony conviction in this case. Regarding the 212c application, as Your Honor noted, the immigration judge explicitly stated that he must apply matter of Marin in weighing whether or not as a matter of discretion he could grant or deny the application. And the immigration judge explicitly stated that he considered family ties, length of residence, and hardship to all of his family members, children, grandchildren, et cetera. And that's reflected also in addition to page 53 to 54 of the record on page 57. And the BIA as well noted that he does have numerous positive equities. However, the negative outweigh the positive equities. That is a weight of evidence issue. The Board and IJ clearly articulated that they applied the correct standard. They just they simply did not come to the decision that Petitioner would have wanted. Therefore, there's no legal question before this Court. Even if the Court determined that there was, the IJ and the Board's decision is amply supported that they applied the correct standard. Regarding the particularly serious crime determination, same scenario here. The applicable law in this case, because it's a drug trafficking offense, is matter of YL, as counsel pointed out. And in that case, the Attorney General himself rendered a decision overruling the Board of Immigration Appeals. And the Attorney General said the default interpretation is that a drug trafficking offense is a particularly serious crime. That is the default. Therefore, in order to overcome that, a petitioner has the burden of meeting threshold criteria, six of them, and then on top of those six threshold criteria, then demonstrating other unusual and extraordinary circumstances. Therefore, we have a presumption that this is a particularly serious crime. That presumption was properly applied by the immigration judge and board. The burden shifts to the alien, then, to demonstrate that he should not have that presumption applied, that he can overcome that. He presented no evidence, as the record says, is clear. He didn't want to testify about his withholding of removal applications under the INA or withholding. That's where the particularly serious crime determination is applicable here. He explicitly chose not to present testimony. Waived his right to testify and stated that he rested on the representations in his applications. And he was well aware of Homeland Security's position trying to terminate those applications based on particularly serious crimes. He was aware of that in advance of his immigration hearing. Therefore, he was on notice that this was an issue that he needed to overcome in his proceedings, and he did not testify at all to show how he could overcome a presumption that his aggravated felony crimes were particularly serious crimes barring him from withholding of removal under both the Act and CAP. Therefore, again, the immigration judge and board apply the correct legal standard. We don't have a legal issue here. There is no jurisdiction in this court. As for deferral of removal, the government contends you also don't have jurisdiction to even consider it. And while we recognize that this Court has rendered a decision in Morales that has stated that if the agency has not denied CAT relief based on the criminal, underlying criminal ground, then this Court has jurisdiction. However, in Morales, the Court did not take into account the differences between deferral of removal and withholding of removal under CAT, because withholding of removal under CAT does have that particularly serious crime bar, just like withholding under the Act. They're the same in that regard. Deferral does not have any such bar. So a ground of removability premised on a criminal conviction, like we have here with an aggravated felony, that can never be applied to deny deferral of removal. And this Court has not considered that in Morales. And in Morales, it was extending its analysis in Unwa Kaulu, where there, because the alien wasn't found removable based on the crime, this Court found jurisdiction over the withholding and deferral applications. Morales extended that and said not only do they have to be found removable based on the crime, but they have to have that crime applied against them to deny the applications for deferral and withholding. But again, Morales didn't consider that there's a distinction between deferral and withholding of removal. Therefore, because Gonzalez-Mendoza has not raised a legal question here, he's just challenging the immigration judge's determination. They couldn't establish a likelihood of torture, a factual determination. This Court lacks jurisdiction also over the deferral of removal application. But in any event, if this Court finds jurisdiction over that application, as the government stated in its brief, the immigration judge articulated that he considered it, as did the Board, and found that he didn't meet his burden of establishing a likelihood of torture. And he gave that application as much attention and analysis as was the equivalent of what was presented, meaning the Gonzalez-Mendoza chose not to testify, wanted to rest on just the materials in the record. And as this Court pointed out, most of those materials did not pertain to him specifically. They were very general, country conditions general. He didn't have any examples of people he personally knew or any examples of him ever having harm. So he couldn't meet that very high burden. And as discussed earlier on the continuance issue, this Court has no jurisdiction also over that because the criminal bar applies and there is no genuine constitutional or legal issue in this case. But in any event, the record is entirely clear that Gonzalez-Mendoza did not ask for continuance at the beginning of his hearing. He represented on page 94 of the record that he was ready to move forward with this hearing, and they proceeded forward. As soon as his attorney asked for a continuance, the immigration judge granted it over Homeland Security's objections, I add, and that's at page 125 to 126. And therefore, as soon as it was requested, he got his continuance. He didn't raise this on appeal to the Board and instead waited for a motion to reconsider. And as the Board determined, that's not the proper venue to raise that claim because you have to either describe an error of factor law, and that's not what was described regarding the Board's decision on appeal. So he raised it anew in the motion to reconsider. Therefore, it wasn't properly exhausted. And for purposes of this Court, it should be considered not properly exhausted. If you don't have any other questions for me, I would just ask that you dismiss the petition. You have a little bit of time remaining. Your Honors, what this case does boil down to is what application of the correct legal standard actually means.    or does it mean that an immigrant has a right to stay in the U.S. or that the Board can simply mention the legal standard, or does it mean that they have to apply it? Petitioner contends in the instant case that neither party conducted an actual application of the legal standard. Government counsel does state in their rebuttal that there was analysis conducted under N. Ray Weil. However, that analysis did not, was not sufficient. The analysis of the immigration judge simply mentions that he was convicted of particular serious crime. He does not go into the six factors. There is testimony in the record from the respondent at pages 95 through 96 regarding the circumstances surrounding his crime. The immigration judge makes no mention of those circumstances when he conducts his analysis of whether or not the petitioner was convicted of particularly serious crime. In addition, turning back to the continuance issue, the government counsel is correct in that the petitioner did not specifically request a continuance because of his involvement at the beginning of the hearing. However, at the beginning of the hearing, his attorney did request a continuance. And under Berreaz v. INS, there are three factors that the immigration judge must go through in analyzing whether or not to grant a continuance. It would have been apparent to anyone sitting in that courtroom visually, which is not clear on an administrative record, that the respondent or the petitioner ---- Kennedy, there was one continuance granted. And how long was it between that and the time that he reappeared? The continuance is granted to September 4th, Your Honor, from August 12th. So a little about three weeks. However, at the beginning of that hearing, when the continuance was requested, it would have been visually apparent to anyone in the courtroom that the respondent was holding his hand in the air because it was bandaged after surgery. I know it's hard to imagine that from the record, but the continuance should have been granted in that instance. Thank you, Your Honors. Kagan. Counsel, we appreciate the arguments of both parties. The case just argued is submitted.
judges: Fletcher B. , Canby, Graber